## Sichler v. General Accident Insurance Company of America

C.P. of Pike County, no. 802-Civil-1995.

*Irwin P. Schneider,* for plaintiff.
*William P. Leeson,* for defendant.

THOMSON JR., *P.J.,* November 24, 1999—

## FINDINGS OF FACT

The plaintiffs were covered by an insurance policy provided by General Accident Insurance Company of America as of June 22, 1993. The policy carried liability limits up to $300,000. On or about June 22, 1993, plaintiff, George Sichler Jr., was involved in an automobile accident. The victim of the automobile accident filed a summons and complaint with this court on October 22, 1993. The Sichlers notified General Accident that they were served with a complaint through their insurance agent, NGL Insurance Group.

A copy of the summons and complaint was faxed to General Accident on November 5, 1993. Then on December 6, 1993, General Accident received a notice of default from NGL Insurance Group against the plaintiffs in this case. On January 31, 1994, General Accident discovered that the default judgment was entered in the underlying case and then instructed defense counsel to defend the claim. Defense counsel retained by General Accident entered an appearance and filed a petition to open the default judgment on February 8, 1994. The court entertained the petition and entered an order on March 23, 1994 denying the petition. The matter was appealed and denied.

## CONCLUSIONS OF LAW

(1) In considering a motion for summary judgment, the court must examine the record in a light most favorable to nonmoving party, resolving all doubts as to the existence of genuine issue of material fact in favor of nonmoving party. *Tom Morello Const. Co. v. Bridgeport Federal,* 280 Pa. Super. 329, 421 A.2d 747 (1980).

(2) Under Pennsylvania law, insured need not show both ill will and recklessness to recover in bad faith for denial of claim; rather, degree of recklessness required to succeed on such claim and affect rises to level of improper purpose on the part of insurer. *Klinger v. State Farm Mutual Auto Insurance,* 895 F. Supp. 709. (M.D. Pa. 1995).

(3) Plaintiff must show that defendant did not have reasonable basis for denying benefits under the policy and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. *Terletsky v. Prudential Property and Casualty Insurance Company,* 437 Pa. Super. 108, 649 A.2d 680 (1994), *allocatur denied,* 540 Pa. 641, 659 A.2d 560 (1995).

(4) Recklessness had to rise to a more culpable level beyond gross negligence. *Polselli v. Nationwide Mutual Fire Insurance Co.,* 23 F.3d 747 (1994).

(5) "Bad faith" on part of insurance company is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that refusal be fraudulent. Black's Law Dictionary 7th ed. at 134.

## DISCUSSION

The narrow question presented before this court to decide is whether the insurance company's action or in this case inaction rose to the level needed to establish "bad faith."

"Bad faith" on the part of an insurance company is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that the refusal be fraudulent. Furthermore, the insured need not show both ill will and recklessness to recover in a bad faith claim. Rather, the degree of recklessness required to succeed on such a claim and affect rise to improper purpose. Also, the plaintiff need only to show that defendant did not have a reasonable basis for denying the benefits under the policy, and that defendant knew or recklessly disregarded its lack of reasonable basis in denying the claim. The courts further hold that reckless behavior had to rise to a more culpable level beyond gross negligence.

In the present situation, the insurance company was supposed to represent their clients in defending against the underlying claim. This representation in defending against the underlying claim should be viewed as a benefit under the policy. The defendant became aware of the underlying claim on or about November 5, 1993, when it received a summons and complaint from this court. At this time, defendant took no action to defend against the claim for its clients. This at best can be seen as inadvertence, error or negligence. Again, on December 6, 1993, defendant received a notice of a default judgment entered against its clients for the underlying claim. However, again they failed to take any action. This may

be viewed as gross negligence. In fact, it was not until January 31, 1994 when defendant finally took action to defend against the underlying claim. They petitioned the court on February 8, 1994 to open the file and this was denied. Defendant's behavior towards this petition underlying claim is well beyond gross negligence. In fact, there is genuine questions of material fact of when defendant first became aware of the underlying claim, and whether there was an improper purpose in not defending against underlying claim. When combining all of the above actions together, it is clear that only a jury can decide whether the defendant recklessly disregarded its duty to defend against the claim, and if this disregard rose to the level of improper purpose and beyond gross negligence, which proves bad faith.

## ORDER

And now, November 24, 1999, upon consideration of defendant General Accident Insurance Company of America's motion for summary judgment, briefs filed thereto, argument held thereon, the motion for summary judgment is hereby denied.